**George Earl GRAHAM, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16761.**

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1971.

**Frank EDWARDS, Jr., Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. A–16840.**

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1971.

Frank Edwards, Jr., pro se.

Larry Derryberry, Atty. Gen., for respondent.

BUSSEY, Presiding Judge:

This is an appeal from a denial of post conviction relief in the District Court of Oklahoma County, challenging the legality of Petitioner's conviction in Oklahoma County District Court Case No. 34260.

R. Michael Cantrell, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

This is an attempted appeal from the judgment and sentence rendered in the District Court of Alfalfa County, Case No. CRF–70–4, on a plea of guilty. In the Petition it is alleged that the judgment and sentence was entered on the 28th day of December, 1970, and thereafter, defendant below, filed an application for suspended sentence which was by the court overruled on January 7, 1971, at which time oral and written notice of intention to appeal and a designation of record were filed with the court, and the defendant was released on bond pending appeal.

This Court is without jurisdiction to entertain this purported appeal for the reason that an appeal from a judgment and sentence entered on a plea of guilty can only be entertained by this Court when the procedure set forth in 22 O.S.Supp.1970, § 1051, and implemented by Rule 3.1, is followed. Rule 3.1 provides:

"To appeal ʹfrom any conviction from a plea of guilty, the convicted person must file his Petition for Writ of Certiorari with the Clerk of this Court within ninety (90) days from the date judgment and sentence was entered in petitioner's case."

It is readily apparent that the Petition for Certiorari was not filed within the time provided by statute and the rules of this Court, and therefore, this Court is without jurisdiction to entertain the same. The attempted appeal is accordingly dismissed, and the Clerk of this Court is directed to issue the Mandate, forthwith. Attempted appeal is dismissed.

NIX and BRETT, JJ., concur.